PEOPLE v HUBBARD

Docket No. 87653. Submitted November 18, 1986, at Detroit. Decided December 16, 1986.

Bobby Joe Hubbard was convicted of two counts of first-degree criminal sexual conduct, following a jury trial in the Macomb Circuit Court, Lawrence P. Zatkoff, J. Defendant was sentenced to two concurrent prison terms of from eight to twenty years. Defendant appealed from the trial court's denial of his motion for a new trial, which was based on a claim of ineffective assistant of counsel.

The Court of Appeals *held:*

1. Defendant did not request his trial counsel to prepare an alibi defense until after a defense of consent was developed nor did he specify the names of any supporting witnesses, but only vaguely suggested that he could provide witnesses to corroborate the claimed alibi. The trial court, therefore, correctly ruled that defendant's failure to make a good-faith effort to avail himself of the right to have his counsel investigate, prepare and assert all substantial defenses precludes his claim of ineffective assistance of counsel.

2. Furthermore, had defense counsel presented an alibi defense which he knew to be false, he would have violated a disciplinary rule of the Code of Professional Responsibility which prohibits the knowing use of perjured testimony.

3. Defense counsel's refusal to present an alibi defense under the circumstances in this case was not unreasonable, nor was it a serious mistake which deprived defendant of a reasonably likely chance of acquittal.

Affirmed.

1. Criminal Law — Assistance of Counsel — Failure to Assert Defense.

A defendant is entitled to have his counsel investigate, prepare and assert all substantial defenses; however, counsel is under

References

Am Jur 2d, Criminal Law §§ 752, 984-987.

See the annotations in the Index to Annotations under Attorney or Assistance of Attorney.

no obligation, nor does counsel deny the defendant effective assistance if he were to refuse, to present an alibi defense he reasonably believes to be untrue and which would require the introduction of perjured testimony.

2. Criminal Law — Assistance of Counsel.

   A defense counsel's duty of loyalty and his overarching duty to advocate the defendant's cause is limited to legitimate, lawful conduct.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Robert J. Berlin,* Assistant Prosecuting Attorney, for the people.

*Donald Z. Ricard, P.C.* (by *Donn M. Fresard*), for defendant on appeal.

Before: Shepherd, P.J., and Wahls and Sullivan, JJ.

Per Curiam. Defendant was convicted by a jury of two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e). He was sentenced to two concurrent prison terms of from eight to twenty years. On September 7, 1984, defendant moved for a new trial on the ground that he was denied the effective assistance of counsel. Following an evidentiary hearing, defendant's motion was denied. Defendant appeals as of right.

The charges against defendant arose out of the rape of the complainant during the early morning hours of March 13, 1983. The complainant testified that she was driving home from the Struttin Club Lounge in East Detroit when the vehicle behind her began flashing its lights. When the complainant stopped her vehicle, defendant exited the second vehicle and approached her. Defendant then

placed a knife to the complainant's throat, forced his way into her vehicle, drove her to another location, and forcibly engaged in various acts of sex with her.

Subsequently, the defendant drove the complainant back to the location where he originally approached her, and asked her if she would meet him at the Struttin Club later that week. Defendant was arrested near the Struttin Club later that week.

In defendant's statement of the issue, he asserts five grounds in support of his claim of ineffective assistance of counsel: (1) lack of pretrial investigation; (2) inadequate preparation for trial; (3) lack of concrete trial strategy; (4) failure to file a motion for a *Wade*[1] hearing; and (5) failure to file and assert an alibi defense. However, in the argument portion of his appellate brief, defendant discusses only his trial counsel's failure to prepare and present an alibi defense. Having failed to provide an argument and citations of authority in support of his other claims, we must consider them as abandoned. *People v Federico,* 146 Mich App 776, 797; 381 NW2d 819 (1985).

Reviewing defendant's primary argument of ineffective assistance under the standard set forth in *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), we conclude that defendant's trial attorney performed reasonably and did not make any serious mistakes which deprived defendant of a reasonably likely chance of acquittal.

A defendant is entitled to have his counsel investigate, prepare and assert all substantial defenses. At the evidentiary hearing, the trial court must decide whether defendant made a good-faith effort to avail himself of this right and, if so,

---

[1] *United States v Wade,* 388 US 218; 87 S Ct 1976; 18 L Ed 2d 1149 (1967).

whether the defense was "substantial." *People v Lewis,* 64 Mich App 175, 183-184; 235 NW2d 100 (1975), lv den 395 Mich 810 (1975).

Here, the trial judge concluded that defendant did not make a good-faith effort to inform defense counsel of his desire to assert an alibi defense. The court's ruling is supported by the testimony of defendant's trial counsel that defendant did not request him to prepare an alibi defense until after they developed the defense of consent. Further, defendant's attorney testified that when defendant ultimately mentioned a possible alibi defense, he did not specify the names of any supporting witnesses, but only vaguely suggested that he could provide witnesses to corroborate the assertion that defendant worked with them during the evening of the offense. Based upon this testimony, we are not persuaded that defendant made a good-faith effort to avail himself of the defense or that the defense was indeed substantial. *People v Lewis, supra.*

We also observe that defense counsel's presentation of the alibi defense after defendant admitted to having sex with the complainant during the evening in question might have violated DR 7-102(A)(4), which prohibits the knowing use of perjured testimony. The prosecution correctly notes that had defense counsel presented an alibi defense which he knew to be false, he would have violated his ethical duties as an attorney as well as the disciplinary rules of the Code of Professional Responsibility. As the United States Supreme Court recently held in this regard:

In *Strickland* [*v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984)], we acknowledged that the Sixth Amendment does not require any particular response by counsel to a problem that may arise. Rather, the Sixth Amendment inquiry

is into whether the attorney's conduct was "reasonably effective." To counteract the natural tendency to fault an unsuccessful defense, a court reviewing a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.,* at 689, 104 S Ct, at 2066. In giving shape to the perimeters of this range of reasonable professional assistance, *Strickland* mandates that

"Prevailing norms of practice as reflected in American Bar Association Standards and the like, . . . are guides to determining what is reasonable, but they are only guides." *Id.,* at 688, 104 S Ct., at 2065.

\* \* \*

In *Strickland,* we recognized counsel's duty of loyalty and his "overarching duty to advocate the defendant's cause," *Ibid.* Plainly, that duty is limited to legitimate, lawful conduct compatible with the very nature of a trial as a search for truth. Although counsel must take all reasonable lawful means to attain the objectives of the client, counsel is precluded from taking steps or in any way assisting the client in presenting false evidence or otherwise violating the law. [*Nix v Whiteside,* 475 US —; 106 S Ct 988, 994; 89 L Ed 2d 123 (1986).]

We must therefore conclude that defendant was not denied effective assistance of trial counsel. Defense counsel's duty of loyalty and his overarching duty to advocate the defendant's cause is limited to legitimate, lawful conduct. Trial counsel's refusal to prepare and present a defense which would have been premised upon what he reasonably believed was perjured testimony was not unreasonable conduct, nor a serious mistake which deprived defendant of a reasonably likely chance of acquittal. *People v Garcia, supra.*

Affirmed.