## PEOPLE *v.* DICKERSON

1. CRIMINAL LAW—STATUTE—AMENDMENT—BREAKING AND ENTER-
ING—NIGHTTIME—SENTENCE.

   A conviction and sentence for breaking and entering in the
   nighttime committed before the statutory amendment which
   eliminated the distinction between breaking and entering in
   the nighttime and daytime is governed by the statute as it
   read before the amendment (CL 1948, § 750.110; PA 1964,
   No 133).

2. CRIMINAL LAW—STATUTE—AMENDMENT—BREAKING AND ENTER-
ING—UNOCCUPIED DWELLING HOUSE—MAXIMUM SENTENCE.

   Statutory change of maximum sentence for breaking and enter-
   ing of unoccupied dwelling house does not affect the prosecu-
   tion of one who committed the offense of breaking and enter-
   ing an unoccupied dwelling house before the change (CL 1948,
   § 750.110; PA 1964, No 133).

3. CRIMINAL LAW—GUILTY PLEA—PROMISE OF LENIENCY.

   The bare assertion that a promise of leniency or of probation
   induced defendant's guilty plea does not entitle defendant to
   a reversal of his conviction or even to a testimonial hearing.

4. CRIMINAL LAW—SENTENCING—PRESENCE OF COUNSEL.

   Sentencing is a critical stage of a criminal proceeding and,
   absent waiver by defendant, the presence of counsel is
   required.

Appeal from Mecosta, Harold Van Domelen, J.
Submitted Division 3 January 9, 1969, at Grand
Rapids.    (Docket No. 5,087.)    Decided April 23,

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 578.
[3] 21 Am Jur 2d, Criminal Law § 563.
[4] 21 Am Jur 2d, Criminal Law §§ 313, 528.

1969. Leave to appeal denied January 30, 1970. See 383 Mich 764.

James Earl Dickerson was convicted, on his plea of guilty, of breaking and entering in the nighttime and was sentenced. From the denial of his motion for a new trial defendant appeals. Conviction affirmed. Sentence vacated and the cause remanded for imposition of sentence with defendant's counsel present.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William A. Harper,* Prosecuting Attorney, for the people.

*James Earl Dickerson, in propria persona.*

BEFORE: Levin, P. J., and Holbrook and Danhof, JJ.

Per Curiam. The defendant was convicted on his plea of guilty of the crime of breaking and entering in the nighttime. CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305). He appeals from a denial of his motion for a new trial.

The defendant's argument on appeal is based on PA 1964, No 133 (MCLA § 750.110 [Stat Ann 1968 Cum Supp § 28.305]) which eliminated the distinction between breaking and entering in the nighttime and the daytime. See CL 1948, §§ 750.110, 750.111 (Stat Ann 1962 Rev §§ 28.305, 28.306) for the former statute. The former statute provided a maximum 15-year sentence for nighttime breaking and entering. Under the 1964 amendment that sentence may now be meted out only to those who break and enter an "occupied dwelling house." The defendant claims that the 15-year maximum sentence, which may now

be imposed under this section of the penal code only for breaking and entering an occupied dwelling house, may not be exacted from him because the building he was convicted of breaking and entering was unoccupied.

The defendant's argument is without merit. The offense with which the defendant was charged and of which by his plea of guilty he was convicted was alleged in the information to have been committed on December 13, 1957, some 7 years before the effectiveness of the 1964 act on August 28, 1964 (PA 1964, p 600). The prosecution of those who committed the offense of nighttime breaking and entering before the effective date of the 1964 act is governed by the former statute as it read before the 1964 act became effective. *People* v. *McDonald* (1968), 13 Mich App 226, 229.[1]

The defendant's brief concludes with the claim that his plea of guilty was induced by promises of leniency and probation. The defendant does not state who is alleged to have made such promises. The bare assertion that a promise of leniency or of probation induced the defendant's plea does not entitle the defendant to a reversal of his conviction or even to a testimonial hearing on such meager allegations. *Cf. People* v. *Scruggs* (1968), 14 Mich App 47; contrast *People* v. *Bartlett* (1969), 17 Mich App 205.

The defendant was not represented at the time of sentencing by counsel.[2] He was sentenced to serve a term of not less than 18 months or more than 15 years.

---

[1] As to the distinction between breaking and entering an occupied and an unoccupied dwelling house, see *People* v. *Birts* (1969), 16 Mich App 237.

[2] At the time the defendant pled guilty he was 21 years of age. At the time the offense was committed he was 17.

In *People* v. *Dye* (1967), 6 Mich App 217, 221, our Court held that, "sentencing is a critical stage of a criminal proceeding and, absent waiver, counsel's presence is required." This holding was followed in *People* v. *Theodorou* (1968), 10 Mich App 409, 416.

The conviction is affirmed. The sentence of the trial court is vacated and the cause remanded for imposition of sentence with defendant's counsel present.