PEOPLE v KELLY

Docket No. 107657. Submitted April 10, 1990, at Grand Rapids. Decided August 21, 1990; approved for publication November 9, 1990, at 9:06 A.M.

Robert S. Kelly was convicted of indecent exposure and of being a sexually delinquent person following a bench trial in the Muskegon Circuit Court, Michael E. Kobza, J., and was sentenced to life imprisonment. The defendant appealed, alleging that the failure of his trial attorneys to file a timely notice of an alibi defense deprived him of effective assistance of counsel and that the sentence of life imprisonment is invalid under the sexual delinquency sentencing scheme.

The Court of Appeals *held:*

1. Even if the defendant's trial attorneys were ineffective by failing to file a timely notice, the defendant failed posttrial to show that he was deprived of a substantial defense by the failure.

2. The trial court had no duty to grant a continuance sua sponte so that the defendant could file a timely notice of alibi.

3. The indecent exposure statute provides that, if the person charged was also a sexually delinquent person at the time of the indecent exposure offense, punishment by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life, may be imposed. The sexual delinquency sentencing scheme is specific, and controls over the general indeterminate sentence act and was enacted to provide an alternate sentence for certain specified sexual offenses when evidence appears to justify a more flexible form of confinement.

Affirmed in part, reversed in part, and remanded for resentencing.

REFERENCES

Am Jur 2d, Criminal Law §§ 542, 543, 606, 985; Lewdness, Indecency, and Obscenity §§ 17, 18.

Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.

Validity and construction of statute requiring defendant in criminal case to disclose matter as to alibi defense. 45 ALR3d 958.

1. CRIMINAL LAW — ASSISTANCE OF COUNSEL — FAILURE TO TIMELY
   ASSERT DEFENSE — ALIBI.

   A defendant who brings a posttrial motion for a new trial on the
   basis that his trial counsel's failure to file a timely notice of an
   alibi defense deprived him of effective assistance of counsel
   must show that he made a good-faith effort to avail himself of
   the right to have his counsel prepare, investigate, and present
   all substantial defenses and that the alibi defense was substan-
   tial; a substantial defense is one that might have made a
   difference in the outcome of the trial (US Const, Am VI; Const
   1963, art 1, § 20).

2. CRIMINAL LAW — INDECENT EXPOSURE — SEXUAL DELINQUENCY —
   SENTENCING.

   A defendant convicted of indecent exposure and of being a
   sexually delinquent person at the time of the indecent exposure
   may be sentenced to imprisonment in the county jail for not
   more than one year, to a fine of not more than $500, or to an
   indeterminate prison term of from one day to life; a sentence of
   life imprisonment is invalid under the indecent exposure stat-
   ute (MCL 750.335a, 750.10a; MSA 28.567[1], 28.200[1]).

3. CRIMINAL LAW — SEXUAL DELINQUENCY — SENTENCING — INDE-
   TERMINATE SENTENCE ACT.

   The provision of the indeterminate sentence act that a court shall
   not impose a minimum sentence for a term of years if it
   imposes a maximum sentence of life imprisonment does not
   apply to those sexual offenses included in the sexual delin-
   quency sentencing scheme which permits a minimum sentence
   to be imposed even where the maximum sentence is life impris-
   onment (MCL 750.10a, 767.61a, 769.9[2]; MSA 28.200[1],
   28.1001[1], 28.1081[2]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Tony Tague,* Prosecuting Attorney, and *Stuart L. Fenton,* Assistant Prose-cuting Attorney, for the people.

State Appellate Defender (by *Ronald J. Bretz),* for the defendant on appeal.

Before: REILLY, P.J., and MACKENZIE and SULLI-VAN, JJ.

Per Curiam. Following a bench trial, defendant was convicted of indecent exposure, MCL 750.335a; MSA 28.567(1), and of being a sexually delinquent person, MCL 750.10a; MSA 28.200(1). He was sentenced to life imprisonment. He now appeals as of right, raising three issues: (1) whether his trial attorneys' failure to file a timely notice of an alibi defense deprived him of effective assistance of counsel, (2) whether the sentence of life imprisonment is a valid sentence, and (3) even if the sentence is valid, whether it shocks our conscience. Although we affirm defendant's conviction, we remand this matter for resentencing because the sentence imposed is invalid under the indecent exposure-sexual delinquency statute.

I

Defendant's first argument is that his trial attorneys' failure to file a timely notice of an alibi defense deprived him of effective assistance of counsel, US Const, Am VI; Const 1963, art 1, § 20, because such failure amounted to a serious mistake which prevented defendant from presenting a substantial defense. A defendant is entitled to have his counsel prepare, investigate, and present all substantial defenses. *People v Hubbard,* 156 Mich App 712, 714; 402 NW2d 79 (1986); *People v Lewis,* 64 Mich App 175, 183-184; 235 NW2d 100 (1975), lv den 395 Mich 810 (1975). At a posttrial evidentiary hearing, however, a defendant must show that he made a good-faith effort to avail himself of this right and that the defense of which he was deprived was substantial. *Hubbard, supra,* pp 714-715; *Lewis, supra,* pp 183-184. A substantial defense is one that might have made a difference in the outcome of the trial. *People v Foster,* 77

Mich App 604, 609; 259 NW2d 153 (1977), lv den 406 Mich 888 (1979). Here, a substantial alibi defense would be one in which defendant's proposed alibi witnesses verified his version. *Lewis, supra,* p 185.

Trial counsel here filed a notice of an alibi defense, listing three proposed witnesses, including defendant's wife. However, it was untimely under MCL 768.20; MSA 28.1043 and, therefore, the trial court excluded any evidence offered to support defendant's alibi under MCL 768.21; MSA 28.1044.

Even if defendant's trial attorneys were ineffective by failing to file a timely notice, we nevertheless decline to reverse defendant's conviction. Defendant brought a posttrial motion for a new trial on the basis of his trial attorneys' performance in this regard. At the hearing on that motion, however, defendant failed to show that he was deprived of a substantial defense. There is nothing in the record showing what the proposed alibi witnesses' testimony would have been had they been permitted to testify on the matter and, thus, whether they would have, in fact, provided an alibi for defendant. See, e.g., *People v Hopson,* 178 Mich App 406, 412-413; 444 NW2d 167 (1989). Also cf., e.g., *People v Wilson,* 159 Mich App 345, 354; 406 NW2d 294 (1987), and *People v Watkins,* 54 Mich App 576, 583; 221 NW2d 437 (1974).

On this same issue, defendant also urges that the trial court should have granted sua sponte a continuance so that he could have filed a timely notice of alibi. We disagree. A trial court has no duty to grant a continuance on its own motion, and, thus, absent a motion for a continuance at trial, we will not review the issue on appeal. *People v Kvam,* 160 Mich App 189, 200; 408 NW2d 71 (1987).

II

Defendant's second argument is that the sentence of life imprisonment is invalid because it is not authorized by the statute under which he was convicted. Instead of life imprisonment, defendant argues, the court should have imposed an indeterminate sentence of from one day to life. We agree that life imprisonment is not a valid sentence in this case.

The statute under which defendant was convicted provides an alternate sentence if the person convicted of indecent exposure was sexually delinquent at the time he committed the offense:

> Any person who shall knowingly make any open or indecent exposure of his or her person or of the person of another shall be guilty of a misdemeanor, punishable by imprisonment in the county jail for not more than 1 year, or by a fine of not more than $500.00, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment in the state prison for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life: Provided, That any other provision of any other statute notwithstanding, said offense shall be triable only in a court of record. [MCL 750.335a; MSA 28.567(1).]

Sexual delinquency is not merely a penalty enhancement provision related to the principal charge; it is an alternate sentencing provision tied to a larger statutory scheme. See *People v Helzer,* 404 Mich 410, 419; 273 NW2d 44 (1978).

We conclude that the alternate sentence is an indeterminate term of one day to life imprisonment. In interpreting a statute, we apply the rule of ordinary usage and common sense. *People v Wyngaard,* 159 Mich App 304, 311; 406 NW2d 280

(1987), lv den 430 Mich 893 (1988). Applying such a rule, the word "shall" generally denotes a mandatory duty. *State Highway Comm v Vanderkloot,* 392 Mich 159, 180; 220 NW2d 416 (1974); *Hadley v Ramah,* 134 Mich App 380, 387; 351 NW2d 305 (1984). Because the statute at issue provides that the minimum of the indeterminate term *shall* be one day and the maximum *shall* be life, we conclude that that is the prescribed length of the indeterminate term. Moreover, MCL 767.61a; MSA 28.1001(1) also provides in pertinent part:

> In any prosecution for an offense committed by a sexually delinquent person for which may be imposed an alternate sentence to imprisonment for an indeterminate term, *the minimum of which is 1 day and the maximum of which is life,* the indictment shall charge the offense and may also charge that the defendant was, at the time said offense was committed, a sexually delinquent person. [Emphasis added.]

Therefore, defendant's sentence of life imprisonment is invalid under sexual delinquency sentencing.

We decline to hold that the sexually delinquent indeterminate sentence of one day to life is invalid under the indeterminate sentence act, specifically MCL 769.9(2); MSA 28.1081(2), which provides:

> In all cases where the maximum sentence in the discretion of the court may be imprisonment for life or any number or term of years, the court may impose a sentence for life or may impose a sentence for any terms of years. If the sentence imposed by the court is for any term of years, the court shall fix both the minimum and the maximum of that sentence in terms of years or fraction thereof, and sentences so imposed shall be considered indeterminate sentences. The court shall not

impose a sentence in which the maximum penalty is life imprisonment with a minimum for a term of years included in the same sentence.

This provision, by its own terms, applies only to cases in which the maximum sentence authorized by statute is life imprisonment or any term of years. In those cases, the court shall not impose a minimum sentence for a term of years if it imposes a maximum sentence of life imprisonment. That is not the case here. Under the statute at issue here, the only maximum sentence authorized is life imprisonment. Moreover, the minimum sentence has been set by statute: one day.

Even if there is a conflict between the two provisions inasmuch as the indeterminate sentence act prohibits what the alternate sexually delinquent sentence provides, the sexually delinquent sentence is valid. Rules of statutory construction provide:

[W]here there is an apparent conflict between two statutes, a fundamental rule of statutory construction requires that the specific statute control over the general and that the specific statute be viewed as an exception to the general rule. See *Findling v T P Operating Co,* 139 Mich App 30, 38; 361 NW2d 376 (1984). This rule of statutory interpretation applies even where the general act is enacted subsequent to the specific act since a general act will not normally be construed as an implicit repeal of a formerly enacted, more specific act where to do so would disturb a long-standing practice or system of law. See *Mayor of Port Huron v City Treasurer of Port Huron,* 328 Mich 99, 111-112; 43 NW2d 77 (1950), and *Attorney General, ex rel Owen v Joyce,* 233 Mich 619; 207 NW 863 (1926). [*In re Johnson Estate,* 152 Mich App 200, 205; 394 NW2d 136 (1986).]

Under the rules of statutory construction, we view the sexually delinquent sentencing scheme as a specific scheme which controls over the general indeterminate sentence act. Sexual delinquency is limited to select criminal provisions and thus is a "seldom-used category of alternate sentencing." *Helzer, supra,* p 422. The sexual delinquency legislation was enacted to provide an alternate sentence for certain specified sexual offenses when evidence appeared to justify a more flexible form of confinement. *People v Winford,* 404 Mich 400, 406; 273 NW2d 54 (1978). It permits a minimum sentence to be imposed even when the maximum sentence is life imprisonment. The indeterminate sentence act can be seen as an act which generally applies to sentences in which life imprisonment is the maximum. We thus construe the sexually delinquent sentencing scheme as an exception to the indeterminate sentence provision at issue.[1]

This matter is remanded for resentencing. Under the statute at issue, MCL 750.335a; MSA 28.567(1), defendant can be resentenced to imprisonment in the county jail for not more than one year, to a fine of not more than $500, or to an indeterminate prison term of from one day to life. We do not retain jurisdiction.

---

[1] In *People v Helzer,* 70 Mich App 683, 687; 247 NW2d 328 (1976), modified on other grounds 404 Mich 410; 273 NW2d 44 (1978), and *People v Saunders,* 42 Mich App 246, 248-249; 201 NW2d 671 (1972), lv den 389 Mich 753 (1972), panels of this Court held that the indeterminate sentence act controls. We reject that position. At the time *Helzer* and *Saunders* were decided by panels of this Court, the indeterminate sentence provision at issue provided, "[i]n no case can a valid sentence be hereinafter made" in which the maximum is life with a minimum for a term of years included in the same sentence. By amendment in 1978, 1978 PA 77, the language was amended to read as it does today, which by its terms shows that the provision at issue applies only to cases governed by MCL 769.9(2); MSA 28.1081(2), i.e., "cases where the maximum sentence in the discretion of the court may be imprisonment for life or any number or term of years."