PEOPLE v MUNIZ
PEOPLE v BOYZO

Docket Nos. 248498, 248499. Submitted October 8, 2003, at Lansing. Decided October 23, 2003, at 9:00 A.M.

Gerardo Muniz and J. Remedios Boyzo, in separate informations filed in the Saginaw Circuit Court on October 4, 2002, were charged under MCL 333.7401 with several drug offenses that allegedly occurred on August 27, 2002. Muniz was additionally charged with being a third-offense habitual offender. Effective March 1, 2003, the Legislature amended MCL 333.7401 to delete its mandatory minimum sentences, increase the respective quantities of controlled substances that merit various maximum sentences, and increase the maximum allowable fines for some offenses, including those at issue in these cases. On March 16, 2003, the prosecutor amended the informations but again relied on the preamended version of MCL 333.7401. The court, Leopold P. Borrello, J., determining that the Legislature intended the amended version of MCL 333.7401 to apply to Muniz and Boyzo, ordered the prosecutor to issue new informations based on the amended version of the statute. The prosecutor appealed by leave granted in each case. The appeals were consolidated.

The Court of Appeals held:

1. The constitutional responsibility to determine the grounds for prosecution rests with the prosecutor alone. A trial court's authority over prosecutorial duties is limited to acts or decisions that are unconstitutional, illegal, or ultra vires.

2. The general saving statute, MCL 8.4a, provides that the repeal of any statute or part thereof shall not have the effect to release or relinquish any penalty, forfeiture, or liability incurred under such statute or any part thereof, and that such statute and part thereof shall be treated as still remaining in force for the purpose of prosecution. Thus, a defendant incurs criminal liability under the statute that is in effect when the crime is committed, and a conviction based on a statute not yet enacted at the time of the offense will not stand. In this case, the prosecutor did not commit an unconstitutional, illegal, or ultra vires act when he pursued convictions under the preamended version of the statute, and the trail court

erred when it required the prosecutor to reissue informations
based on the amended statute.

Reversed.

1. PROSECUTING ATTORNEYS — CHARGING FUNCTION — JUDICIAL REVIEW.

    The constitutional responsibility to determine the grounds for pros-
    ecution rests with the prosecutor alone; a trial court's authority
    over prosecutorial duties is limited to acts or decisions that are
    unconstitutional, illegal, or ultra vires.

2. CRIMINAL LAW — STATUTES.

    A defendant incurs criminal liability under the statute that is in effect
    when the crime is committed, and a conviction based on a statute
    not yet enacted at the time of the offense will not stand (MCL
    8.4a).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael D. Thomas*, Prosecuting Attorney, and *A. George Best II*, Assistant Prosecuting Attorney, for the people.

*Rod O'Farrell* for Gerardo Muniz.

*James F. Gust* and *Jan Armon* for J. Remedios Boyzo.

Before: DONOFRIO, P.J., and SAWYER and O'CONNELL, JJ.

O'CONNELL, J. The prosecutor appeals by leave granted the trial court's order requiring the prosecutor to issue new informations based on an amended version of MCL 333.7401 rather than the version in effect at the time defendants allegedly committed the crimes charged. The order arose from the trial court's determination that the sentencing structure of the most recent revision of the statute applied to these cases rather than the former structure. We reverse.

On October 4, 2002, the prosecutor filed against defendants informations citing the former MCL 333.7401. The charges consisted of delivery of more than 50 but less than 225 grams of heroin, MCL 333.7401(2)(a)(iii); possession with intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a)(iv); and conspiracy to deliver more than 50 but less than 225 grams of heroin, MCL 750.157a and MCL 333.7401(2)(a)(iii). The prosecutor also charged defendant Muniz as a habitual offender, third offense, MCL 769.11. Effective March 1, 2003, the Legislature amended MCL 333.7401, obliterating its mandatory minimum sentences, increasing the respective quantities of controlled substances that merit various maximum sentences, and boosting the maximum allowable fines for some offenses, including those at issue here. On March 16, 2003, the prosecutor amended the informations but again relied on the older version of MCL 333.7401. The informations indicate that the alleged offenses occurred on August 27, 2002. The trial court found that the Legislature intended the amended version of MCL 333.7401 to apply to these defendants, so it ordered the prosecutor to issue new informations based on the amended version of the statute.

The trial court erred when it required the prosecutor to issue new informations based on recent amendments to the statute that were not in force when defendants allegedly committed the crimes. According to separation-of-powers principles, the constitutional responsibility to determine the grounds for prosecution rests with the prosecutor alone. *People v Jones*, 252 Mich App 1, 6-7; 650 NW2d 717 (2002). A trial court's authority over prosecutorial duties is limited to acts or decisions that are uncon-

stitutional, illegal, or ultra vires. *Id.* Barring such misbehavior in this case, the trial court erred when it ordered the prosecutor to reissue the informations.

Our general saving statute, MCL 8.4a, states, "The repeal of any statute or part thereof shall not have the effect to release or relinquish any penalty, forfeiture, or liability incurred under such statute or any part thereof . . . and such statute and part thereof shall be treated as still remaining in force for the purpose of . . . prosecution . . . ." A defendant incurs criminal liability under the statute that is in effect when the crime is committed, *People v Dickerson*, 17 Mich App 201, 203; 169 NW2d 336 (1969), and a conviction based on a statute not yet enacted at the time of the offense will not stand. *People v Gibson*, 71 Mich App 220, 223; 247 NW2d 357 (1976). Therefore, the prosecutor did not commit an unconstitutional, illegal, or ultra vires act when he pursued convictions under the appropriate statute, and the trial court erred when it required the prosecutor to reissue informations based on the statute as amended.

The trial court justified its decision by relying on *People v Schultz*, 435 Mich 517; 460 NW2d 505 (1990), but *Schultz* does not apply in this case. While *Schultz* dealt with similar easing of sentencing mandates in the same statutes at issue here, the prosecutor in *Schultz* obtained the defendants' convictions under the version in effect at the time of the offenses. *Id.* at 520-521, 523-524. Rather than requiring the prosecutor to dismiss charges brought under the old statute and reissue charges based on the new statute, the Supreme Court quoted MCL 8.4a and stated:

> Although it is clear that the two defendants before this Court have incurred criminal liability for which they may be

punished, neither the purpose of [MCL 8.4a] nor the relevant case law from the Court of Appeals lends persuasive support to the prosecution's argument that the Legislature intended the *terms of punishment* authorized prior to amendment in MCL 333.7401; MSA 14.15(7401) and MCL 333.7403; MSA 14.15(7403) to remain in effect against these defendants. [*Id.* at 527 (emphasis added).]

Our Supreme Court also stated, "By enacting [MCL 8.4a], the Legislature has expressed its intent that conduct remains subject to punishment whenever a statute imposing criminal liability either is repealed outright or reenacted with modification, even though a specific saving clause has not been adopted." *Id.* at 528. Therefore, *Schultz* only addresses the applicability of *sentence* alterations the Legislature interposes between the crime and sentencing. Because sentencing is not yet an issue in this case, *Schultz* does not apply.[1]

Reversed.

---

[1] While it appears the learned trial judge anticipated the sentencing issue and resolved it with peremptory action, resolution of this issue, if ever necessary, must await its proper time.