# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

SARA RUTH YLEN,

       Defendant-Appellant.

UNPUBLISHED
July 30, 2015

No. 320861
St. Clair Circuit Court
LC No. 13-001604-FH

Before: WILDER, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by right her jury trial convictions of falsely reporting the commission of a felony, MCL 750.411a(1)(b), and tampering with evidence, MCL 750.483a(5)(a) and (6)(b). The trial court sentenced defendant to consecutive prison terms of two to four years for falsely reporting and three to 10 years for tampering with evidence. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the prosecution presented insufficient evidence to sustain her convictions.[1]

> In ascertaining whether sufficient evidence was presented at trial to support a conviction, this Court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. A reviewing court is required to draw all reasonable inferences and make credibility choices in support of the trier of fact's verdict. [*People v Strickland*, 293 Mich App 393, 399; 810 NW2d 660 (2011) (quotation marks and brackets omitted).]

## A. FALSELY REPORTING A FELONY

---

[1] Whether a defendant's conviction was supported by sufficient evidence presents a question of law subject to review de novo. *People v Cline,* 276 Mich App 634, 642; 741 NW2d 563 (2007).

-1-

At the time of the charged crime, MCL 750.411a(1) provided in pertinent part:[2]

> Except as provided in subsection (2), a person who intentionally makes a
> false report of the commission of a crime, or intentionally causes a false report of
> the commission of a crime to be made, to a peace officer, police agency of this
> state or of a local unit of government, 9-1-1 operator, or any other governmental
> employee . . . , knowing the report is false, is guilty of a crime as follows:

> * * *

> (b) If the report is a false report of a felony, the person is guilty of a felony
> punishable by imprisonment for not more than 4 years or a fine of not more than
> $2,000.00, or both.

Thus, the prosecution was required to prove that (1) defendant reported to a police officer that a
crime had been committed, (2) the report was false as to the fact or the details of the crime,
*People v Chavis*, 468 Mich 84, 93-94; 658 NW2d 469 (2003), (3) defendant knew the report was
false when she made it, and (4) the crime reported was a felony. See *People v Lay*, 336 Mich 77,
82; 57 NW2d 453 (1953).

The evidence established that defendant reported to a sheriff's deputy that she had been
sexually assaulted by two men, KP and TS, who defendant claimed entered her home and
forcibly raped her. The parties stipulated that the alleged crime was first-degree criminal sexual
conduct (CSC I), a felony. MCL 750.520b(2). Defendant's report was demonstrably false.
Defendant stated that the offense occurred between 8:00 a.m. and 12:00 p.m. on September 18,
2012. However, evidence was presented demonstrating that both KP and TS were at work at that
time, and the bruises defendant claimed resulted from trauma administered during the alleged
crime were nothing more than makeup that defendant admittedly applied. There was also
evidence that the cuts defendant claimed to have received were superficial and likely suffered
more recently than the date of the alleged attack.

Defendant nonetheless argues that the evidence failed to prove that she intended to make
a false police report because she never intended to report the matter to the police at all. Rather, a
friend first contacted the police and then encouraged defendant to speak with police, which she
eventually did. The statute requires that defendant act "intentionally." This refers to criminal
intent, i.e., whether defendant intended to perform the criminal act (general intent) or whether
defendant had a particular intent beyond the commission of the act (specific intent). *People v
Herndon,* 246 Mich App 371, 385; 633 NW2d 376 (2001). Whether defendant initially planned
to falsely report a crime to the police is irrelevant. The fact remains that she ultimately chose to
do so and the evidence was sufficient to prove that she knew the report to be false. Moreover,

---

[2] The statute governing the offense of filing a false police report was substantially amended by
2012 PA 330, which took effect January 1, 2013. In this case, the charged offense occurred in
September 2012 and "[a] defendant incurs criminal liability under the statute that is in effect
when the crime is committed." *People v Muniz,* 259 Mich App 176, 179; 675 NW2d 597 (2003).

other-acts evidence was properly introduced demonstrating that defendant had a history of falsely accusing others of crimes. See MRE 404(b)(1) (other-acts evidence is admissible to establish intent, scheme, plan, or absence of mistake, et al.). Thus, the evidence was sufficient to allow the jury to conclude that defendant acted with the requisite criminal intent.

Accordingly, the evidence was sufficient to allow the jury to find defendant guilty of falsely reporting the commission of a felony.

## B. TAMPERING WITH EVIDENCE

The tampering statute provides in pertinent part that "[a] person shall not . . . [k]nowingly and intentionally remove, alter, conceal, destroy, or otherwise tamper with evidence to be offered in a present or future official proceeding." MCL 750.483a(5)(a). The term "official proceeding" is defined as

> a proceeding heard before a legislative, judicial, administrative, or other governmental agency or official authorized to hear evidence under oath, including a referee, prosecuting attorney, hearing examiner, commissioner, notary, or other person taking testimony or deposition in that proceeding. [MCL 750.483a(11)(a).]

The offense is generally a four-year felony, MCL 750.483a(6)(a), but is elevated to a 10-year felony "[i]f the violation is committed in a criminal case for which the maximum term of imprisonment for the violation is more than 10 years, or the violation is punishable by imprisonment for life or any term of years[.]" MCL 750.483a(6)(b). CSC I is such a felony.

The basis for the tampering charge was that defendant manufactured evidence to support the reported sexual assault (she painted "bruises" on her face and inflicted wounds on her body) and then disposed of evidence (the makeup kit used to create the "bruises"). The gravamen of defendant's argument is that because "official proceedings" against KP and TS were never initiated, her conviction for tampering with evidence cannot stand. We disagree.

In *People v Kissner*, 292 Mich App 526, 537; 808 NW2d 522 (2011), this Court defined "proceeding" as used in MCL 750.483a(11)(a) to mean "the entirety of a lawsuit, from its commencement to its conclusion." Thus, "a proceeding constitutes an 'official proceeding' . . . when it is officially considered by a judicial official authorized to hear evidence under oath." *Id*. There is no dispute that an "official proceeding" against KP and TS did not occur. They were not arrested, charged, arraigned, or the like. However, the statute's application is not limited to only "present" official proceedings. *Random House Webster's College Dictionary* (2000) defines the word "future" in pertinent part as "something that will exist or happen in time to come." Had the Legislature intended the tampering statute to only apply to official proceedings, it could have easily done so; however, it extended the statute to encompass "future" official proceedings, which, by definition, encompasses proceedings that have not yet been initiated.

Viewing the evidence in the light most favorable to the prosecution, we conclude that sufficient evidence was presented to allow the jury to conclude that defendant "[k]nowingly and intentionally" tampered with "evidence to be offered in a . . . future official proceeding." Defendant admitted to creating the false bruises and, when confronted, disposing of evidence

thereof (the makeup kit) in a trash can at the examining doctor's office. Defendant clearly intended this manufactured evidence to be used in a criminal trial, i.e., "future official proceeding" against KP and TS, as evidenced by her false report of the crime to police and the fact that she provided police with other "evidence" to be used at a future trial, including a sealed bag of clothing and bed linens, as well as photos of her injuries taken between the time the crime was allegedly committed and the time it was reported. Indeed, had the police not been wary of defendant's claims and investigated her injuries, it was possible, if not likely, that KP and TS would have been charged with CSC I. Because this evidence allowed the jury to reasonably infer that defendant knowingly and intentionally tampered with evidence she intended to be used in a future official proceeding, her conviction was support by sufficient evidence.

## II. PROSECUTORIAL MISCONDUCT

Defendant argues that improper conduct by the prosecutor denied her a fair trial.[3]

"The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial (i.e., whether prejudice resulted)." *People v Abraham*, 256 Mich App 265, 272; 662 NW2d 836 (2003). We review claims of prosecutorial misconduct case by case, examining the remarks in context, to determine whether the defendant received a fair and impartial trial. *Goodin*, 257 Mich App at 432. A prosecutor's comments must be evaluated in light of the defendant's argument and the relationship they bear to the evidence. *People v Brown*, 267 Mich App 141, 152; 703 NW2d 230 (2005).

Defendant argues that the prosecutor improperly appealed to the jury's sympathy for the victims, i.e., KP and TS. See *People v Unger*, 278 Mich App 210, 237; 749 NW2d 272 (2008) ("prosecutor may not appeal to the jury to sympathize with the victim"). To the extent that the prosecutor's remarks could be considered an improper appeal to sympathy for the wrongfully accused men, they were not so egregious as to have denied defendant a fair trial. Indeed, the prosecutor herself told the jury to decide the case based on the evidence, not on sympathy, which echoed the trial court's instructions that the jury "should decide the case solely from the evidence" and it "must not let sympathy or prejudice influence your decision." Such a curative instruction was sufficient to cure any prejudicial effect of the prosecutor's statements and jurors are presumed to follow their instructions. *Id*. at 235. Accordingly, defendant is not entitled to relief on this basis.

Defendant argues that the prosecutor improperly vouched for the credibility of the police witnesses. See *People v Bahoda*, 448 Mich 261, 276; 531 NW2d 659 (1995) ("the prosecutor cannot vouch for the credibility of his witnesses to the effect that he has some special knowledge concerning a witness' truthfulness"). Our review of the challenged remarks reveals that the prosecutor never suggested that she or the police had some special knowledge concerning defendant's guilt. The prosecutor did not express an opinion regarding the truthfulness of the police testimony and, contrary to defendant's assertion, did not state or suggest "that neither she

---

[3] We review these unpreserved claims of prosecutorial misconduct for plain error affecting substantial rights. *People v Goodin*, 257 Mich App 425, 431-432; 668 NW2d 392 (2003).

-4-

nor the police would benefit from bringing a case unless they were sure they had the 'right guys.'" Viewed in context, the essence of the prosecutor's argument was that the police had no reason to falsely accuse defendant of a crime and a prosecutor may argue from the facts that a witness has no reason to lie. *People v Thomas,* 260 Mich App 450, 455; 678 NW2d 631 (2004). Thus, the prosecutor's remarks were not improper.

Defendant is also not entitled to reversal on her claims that the prosecutor engaged in misconduct by eliciting irrelevant evidence. A claim of "prosecutorial misconduct cannot be predicated on good-faith efforts to admit evidence." *People v Noble,* 238 Mich App 647, 660-661; 608 NW2d 123 (1999). The prosecutor was entitled to attempt to introduce evidence that she legitimately believed would be accepted by the court, as long as that attempt did not prejudice defendant. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401.

Defendant takes issue with the prosecutor's questioning of a friend of defendant's. After the friend testified that defendant told her the details of the alleged rape, the following exchange occurred:

> *Q.* Now, did [defendant] say anything to you regarding your personal safety and these men?
>
> *A.* Yes.
>
> *Q.* What did she tell you?
>
> *A.* That because I was friends with her that I should be careful that he could come after me next.
>
> * * *
>
> *Q.* Now, at the time that she told you this, did you take her seriously?
>
> *A.* I went home and started locking my doors.
>
> *Q.* Did it scare you?
>
> *A.* Yes.

Defendant argues that there was "no legitimate reason" for the prosecutor to elicit this testimony from defendant's friend; that is, defendant argues that the prosecutor elicited irrelevant testimony. Whether and to what extent defendant's friend believed defendant's accusation is, at best, of limited relevance as it had little tendency to make any fact related to the elements of the charged crimes more or less probable. See MRE 401. There was also a significant danger of unfair prejudice because the testimony could cause the jury to sympathize with defendant's friend, who was unjustly put in fear of being attacked. See MRE 403.

-5-

However, assuming, arguendo, that the prosecutor's elicitation of this testimony amounted to misconduct, defendant must still show that the misconduct affected her substantial rights. *Goodin*, 257 Mich App at 431-432. Under this standard, "[r]eversal is warranted only when the error resulted in the conviction of an actually innocent defendant or when the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 432 (quotation marks and citation omitted). We conclude that reversal is not warranted in this case. There was overwhelming evidence of defendant's guilt of the charged crimes. The challenged testimony of defendant's friend, which was isolated and minimal in the context of a three-day trial, did not result in the conviction of an innocent defendant nor seriously affect the judicial proceedings. Accordingly, defendant is not entitled to relief. See *People v Launsbury*, 217 Mich App 358, 361; 551 NW2d 460 (1996) (holding that prosecutorial misconduct did not require reversal "given the overwhelming nature of defendant's guilt and the isolated nature of the comments").

Defendant's other claim predicated on the admission of irrelevant evidence is that a witness testified that prior events in California affected him to the extent that "he could have lost his career." The record does not support defendant's claim of misconduct. The challenged testimony was elicited in the context of the witness explaining how he confronted defendant about lying to him. The witness testified that he asked defendant, "What the f**k is going through your head, you know. I say, you know, you could of [sic] cost me my career, my life, everything about me. You know, you could have had me fired. You could have had me arrested. I went off on her." The witness testified that defendant responded by saying that she was sorry, but also rolled her eyes, which caused the witness to accuse her of not acting like she was sorry. When the prosecutor responded by simply stating, "Okay," the witness interjected by further stating that he was upset by defendant's reaction because "[t]his woman could have taken my career." The prosecutor's line of questioning was aimed at showing that defendant's apology did not appear to be sincere. Evidence that defendant appeared indifferent and insincere, despite the witness's explanation to her of the serious consequences to him that she could have caused, was relevant to whether defendant would have intentionally made a false report of a crime, despite knowing that it would have harmful effects on the person she accused. The witness's initial remarks were relevant to provide context for defendant's response. The witness's additional comment after defendant's response was not responsive to any question by the prosecutor and thus cannot be characterized as misconduct. Accordingly, there was no plain error and there is no basis for concluding that this brief remark affected the outcome of the trial. Thus, defendant is not entitled to relief.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that she is entitled to a new trial due to ineffective assistance of counsel.[4]

---

[4] "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "Findings on questions of fact are reviewed for clear error, while rulings on questions of

The right to the effective assistance of counsel is guaranteed by the United States and Michigan constitutions. US Const Am VI; Const 1963, art 1, § 20; *United States v Cronic*, 466 US 648, 654; 104 S Ct 2039, 80 L Ed 2d 657 (1984); *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010). "Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise." *Swain*, 288 Mich App at 643. "To prove a claim of ineffective assistance of counsel, a defendant must establish that counsel's performance fell below objective standards of reasonableness and that, but for counsel's error, there is a reasonable probability that the result of the proceedings would have been different." *Id*.

Defendant first argues that counsel was ineffective for failing to object to the various instances of prosecutorial misconduct. As discussed, the only alleged instances of misconduct that could have resulted in a sustained objection were the prosecutor's questioning of defendant's friend and the arguable appeals to the jury's sympathy for the victims.

With regard to the first possible error, decisions whether to object to a prosecutor's improper questioning are presumed to be matters of trial strategy which this Court will not second-guess on appeal. *People v Horn*, 279 Mich App 31, 39-40; 755 NW2d 212 (2008). Counsel may have elected not to object to the prosecutor's questioning to avoid drawing further attention to defendant's friend's fear caused by defendant's actions. Thus, defendant has failed to overcome the presumption that her counsel engaged in sound trial strategy. *Id*. at 40. Moreover, even if counsel had objected, defendant has not established a reasonable probability that the outcome of her trial would have been different had the jury not heard the challenged testimony.

To the extent that the prosecutor may have improperly appealed to the jury to sympathize with the people defendant wrongfully accused of crimes, the decision whether to object to the prosecutor's closing argument is a "quintessential example of trial strategy." *People v Reed*, 449 Mich 375, 400; 535 NW2d 496 (1995). Had counsel objected, the court could have admonished the prosecutor and given a curative instruction. Trial counsel had to balance this meager benefit against the potential that the jury would believe that defense counsel did not want it to hear the prosecutor's analysis of the evidence. See *id*. Moreover, the prosecutor had previously told the jury to decide the case based on the evidence, not on sympathy, and counsel was undoubtedly aware that the trial court would similarly instruct the jury that it must not let sympathy or prejudice influence its decision. Under these circumstances, defense counsel's decision not to object was not unreasonable. Further, because the trial court's instruction was sufficient to protect defendant's substantial rights, defendant was not prejudiced by counsel's failure to object. As discussed, defendant's other claims of prosecutorial misconduct are without merit and counsel is not ineffective for failing to raise futile or meritless objections. *Goodin*, 257 Mich App at 433.

Defendant also argues that counsel was ineffective for failing to raise an entrapment defense. Although "[a] defendant is entitled to have his counsel investigate, prepare and assert all substantial defenses," *People v Hubbard*, 156 Mich App 712, 714; 402 NW2d 79 (1986), the

---

constitutional law are reviewed de novo." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

decision to argue one defense over another is considered a matter of trial strategy, *People v Hedelsky,* 162 Mich App 382, 387; 412 NW2d 746 (1987). Ineffective assistance of counsel can take the form of a failure to investigate and present a particular defense if the defendant made a good-faith effort to avail herself of that defense and the defense was substantial. *People v Kelly,* 186 Mich App 524, 526; 465 NW2d 569 (1990). "A substantial defense is one that might have made a difference in the outcome of the trial." *Id.*

Entrapment is a defense that can bar prosecution. *People v Juillet,* 439 Mich 34, 52; 475 NW2d 786 (1991). Entrapment can be established in one of two ways: "(1) the police engaged in impermissible conduct that would induce a law-abiding person to commit a crime in similar circumstances or (2) the police engaged in conduct so reprehensible that it cannot be tolerated." *People v Johnson,* 466 Mich 491, 498; 647 NW2d 480 (2002). There is simply no evidence to suggest that the police did anything to create an opportunity for defendant to commit an offense or otherwise induced her to commit the charged offenses. Defendant invented the false accusations against KP and TS, disfigured herself in an attempt to corroborate the accusation, reported the alleged crime to a friend who she claims persuaded her to go to the police, and defendant did so. While defendant makes various accusations against the police and the prosecutor, she does not explain how any of the alleged conduct induced her to commit the charged crimes or how any such activity constituted intolerable or reprehensible conduct. Because there is nothing in the record to suggest that defendant was legally entrapped, it was not objectively unreasonable for defense counsel to forgo moving to dismiss on that basis.

Accordingly, defendant is not entitled to relief on her claims of ineffective assistance of counsel.

## IV. CUMULATIVE ERROR

Defendant next argues that she is entitled to relief on the basis of cumulative error. "Although one error in a case may not necessarily provide a basis for reversal, it is possible that the cumulative effect of a number of minor errors may add up to error requiring reversal." *People v Anderson,* 166 Mich App 455, 472-473; 421 NW2d 200 (1988). "The test to determine whether reversal is required is not whether there are some irregularities, but whether defendant has had a fair trial." *People v Kvam,* 160 Mich App 189, 201; 408 NW2d 71 (1987). The only possible errors we have identified were the prosecutor's possible improper appeals to the jury's sympathy for the victims and questioning of defendant's friend. However, as discussed, any errors in those regards did not deny defendant a fair trial. Accordingly, defendant is not entitled to relief under a cumulative error theory.

## V. SENTENCING

Defendant argues that the trial court abused its discretion by departing from the sentencing guidelines recommendation, which called for an intermediate sanction, and imposing a prison sentence.[5]

Defendant's sentencing guidelines called for a minimum range of zero to 17 months, and the probation department recommended one year in jail. When the upper limit of a guidelines range is less than 18 months, a trial court must impose an intermediate sanction (i.e., not a prison sentence), unless "the court states on the record a substantial and compelling reason to sentence the individual to" prison. MCL 769.34(4)(a); see also MCL 769.31(b); *People v Harper*, 479 Mich 599, 617-618; 739 NW2d 523 (2007). In this case, the trial court wrote a detailed six-page statement describing its reasons for the departure. We conclude that the court's rationale justified both the departure and the extent thereof.

> Under MCL 769.34(3), a minimum sentence that departs from the sentencing guidelines recommendation requires a substantial and compelling reason articulated on the record. In interpreting this statutory requirement, the Court has concluded that the reasons relied on must be objective and verifiable. They must be of considerable worth in determining the length of the sentence and should keenly or irresistibly grab the court's attention. Substantial and compelling reasons for departure exist only in exceptional cases. In determining whether a sufficient basis exists to justify a departure, the principle of proportionality . . . defines the standard against which the allegedly substantial and compelling reasons in support of departure are to be assessed. For a departure to be justified, the minimum sentence imposed must be proportionate to the defendant's conduct and prior criminal history. [*Smith*, 482 Mich at 299-300 (quotation marks and footnotes omitted).]

Defendant argues that the trial court improperly departed from the guidelines for the stated reasons (1) that the case garnered significant media attention, (2) that defendant's friend insisted that defendant report the crime to the police, (3) that defendant gave an extremely detailed account of the alleged crime, and (4) that defendant methodically orchestrated the crime. Contrary to defendant's assertion, only the last factor was cited by the trial court as an actual basis for the departure. The other factors cited were simply part of the trial court's recitation of the facts, which it engaged in because it believed the presentence investigation report provided

---

[5] On appeal, courts review the reasons given for a departure for clear error. The conclusion that a reason is objective and verifiable is reviewed as a matter of law. Whether the reasons given are substantial and compelling enough to justify the departure is reviewed for an abuse of discretion, as is the amount of the departure. A trial court abuses its discretion if the minimum sentence imposed falls outside the range of principled outcomes. [*People v Smith*, 482 Mich 292, 300; 754 NW2d 284 (2008) (footnotes omitted).]

an "incomplete portrait" of defendant's crimes. The court's factual recitation, which was supported by the record, merely illustrated the "diabolical nature, methodical orchestrations or callousness" of defendant's actions, which the court properly found were not adequately addressed by the statutory sentencing guidelines.

Moreover, that defendant's crime involved "methodical orchestrations" is amply supported by the evidence that defendant invented a story involving a home invasion and rape, created injuries to support her claims, and did and said things to discourage the police from conducting a thorough investigation, which might have prevented or delayed discovery of the falsity of the reported crimes. Thus, the trial court's factual finding underlying its departure was not clearly erroneous.

The trial court also relied on additional factors, including the nature of the accusations against KP and TS, which "circulated around this small community," thus tarnishing the men's reputations; the "extent to which [defendant] was willing to go to falsely accuse two men of a capital offense;" defendant's history of similar conduct; defendant's "capacity to commit massive frauds upon her community," which was demonstrated in part by her recent convictions for false pretenses and health care fraud; that defendant "was willing to go so far as to self-inflict wounds to corroborate her falsehoods;" that if defendant had perjured herself in a CSC I trial, she would have faced life imprisonment; and "the premeditated nature of [defendant's] crime." Defendant does not challenge these other reasons and does not argue that all of the reasons cited by the trial court, considered in the aggregate, did not warrant a departure or a departure in the amount assessed by the court. Nonetheless, having reviewed the trial court's rationale and the record, we find no error in the departure nor its extent. [6] As the trial court noted, "if the totality of the facts do not establish a 'substantial and compelling' reason for a departure from the guidelines, it is difficult to imagine what would."

Affirmed.

/s/ Kurtis T. Wilder
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause

---

[6] While defendant's question presented identifies error in the trial court's imposition of consecutive sentences, she does not actually address the issue in her brief. "An appellant's failure to properly address the merits of [her] assertion of error constitutes abandonment of the issue." *People v Harris,* 261 Mich App 44, 50; 680 NW2d 17 (2004). Moreover, the evidence-tampering statute provides: "The court may order a term of imprisonment imposed for a violation of this section to be served consecutively to a term of imprisonment imposed for any other crime including any other violation of law arising out of the same transaction as the violation of this section." MCL 750.483a(10).