# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 1, 2016

Plaintiff-Appellee,

v

No. 327039
Genesee Circuit Court
LC No. 13-034107-FC

ERVIN JOVAN MARKS, JR.,

Defendant-Appellant.

Before: K. F. KELLY, P.J., and M. J. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM.

At defendant's second trial, a jury convicted defendant of second-degree murder, MCL 750.317, assault with intent to commit murder, MCL 750.83, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony, MCL 750.227b.[1] The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to concurrent prison terms of 30 to 60 years each for the murder and assault convictions, and 1 to 10 years for the felon-in-possession conviction, to be served consecutive to a two-year term of imprisonment for the felony-firearm conviction. Defendant appeals as of right. We affirm in part and remand for possible resentencing.

A jury convicted defendant of fatally shooting Deonta Blackmon in the head and shooting Albert Calhoun in the arm and leg outside Mona's Cocktail Lounge in Flint at approximately 2:00 a.m. on October 21, 2013. The prosecution presented evidence that Blackmon was robbed by two men in the lounge parking lot. After the robbery, Blackmon entered the lounge, reported that he had been robbed and, minutes later, went outside with Calhoun and additional men. As the group walked toward the parking lot, Blackmon announced that he saw the robbers, and, in turn, either one or both of the identified men began shooting, killing Blackmon and injuring Calhoun. Michigan State Police troopers arrived during the

---

[1] At an earlier trial, another jury acquitted defendant of charges of first-degree felony murder, MCL 750.316(1)(b), and armed robbery, MCL 750.529, but was unable to reach a verdict on the remaining charges, resulting in defendant being retried on the remaining charges. The jury at defendant's second trial acquitted him of an additional charge of resisting or obstructing a police officer, MCL 750.81d(1).

-1-

shooting. Upon seeing the troopers, the shooter, who was wearing a gray hooded sweatshirt and a white baseball cap, fled on foot. The troopers gave chase, ultimately catching defendant. The defense theory at trial was that defendant was misidentified as the shooter. No witnesses identified defendant by facial characteristics, but provided general clothing descriptions, skin color, and height.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that there was insufficient evidence of his identity as the shooter to support his convictions. We disagree. When ascertaining whether sufficient evidence was presented at trial to support a conviction, we view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). Circumstantial evidence and reasonable inferences arising from the evidence may constitute satisfactory proof of the elements of the crime. *People v Brantley*, 296 Mich App 546, 550; 823 NW2d 290 (2012). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury's verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Identity is an essential element in a criminal prosecution, *People v Oliphant*, 399 Mich 472, 489; 250 NW2d 443 (1976), and the prosecution must prove the identity of the defendant as the perpetrator of a charged offense beyond a reasonable doubt. *People v Kern*, 6 Mich App 406, 409-410; 149 NW2d 216 (1967). Positive identification by a witness or circumstantial evidence and reasonable inferences arising from it may be sufficient to support a conviction of a crime. *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000); *Nowack*, 462 Mich at 400. The credibility of identification testimony is for the trier of fact to resolve and this Court will not resolve it anew. *Id.*

The prosecution presented strong circumstantial evidence that defendant was the shooter. Two Michigan State Police troopers and a civilian witness, who was a former marine, described the shooter as a black man, wearing a gray hooded sweatshirt and a white or light-colored baseball hat, which matched defendant's description. The troopers were on patrol when they observed two men in the lounge parking lot, one being the man in the gray hooded sweatshirt and baseball cap. Soon thereafter, the troopers heard several gunshots, immediately returned to the lounge area, and Sergeant Geoffrey Boyer observed the man in the gray hooded sweatshirt and baseball cap, whom he had just seen in the parking lot, firing a suspected firearm. The civilian witness had also observed this man shooting. Upon seeing the troopers, the man stopped shooting and fled on foot. Sgt. Boyer immediately chased the man, which led to defendant's apprehension. Sgt. Boyer identified defendant as the same person whom he had observed shooting, flee on foot, and eventually apprehended. In addition to Sgt. Boyer's identification testimony, there was evidence that defendant was missing a shoe when apprehended, and the shoe was found by a canine unit on the path of the chase. Keys found in defendant's possession belonged to a vehicle that was parked near Mona's Lounge.

The reasonable inferences arising from this evidence were sufficient to enable the jury to find beyond a reasonable doubt that defendant was the gunman from Mona's Cocktail Lounge who shot the two victims. Although defendant argues that different inferences could be drawn

from the evidence, those challenges are related to the weight rather than the sufficiency of the evidence. *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977). The same challenges to the identification testimony that defendant raises on appeal were presented to the jury during trial and specifically argued to the jury during closing argument. We will not interfere with the jury's role of determining issues of weight and credibility, nor resolving conflicts in the evidence. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Rather, this Court is required to draw all reasonable inferences and make credibility choices in support of the jury's verdict. *Nowack*, 462 Mich at 400. There was sufficient evidence of defendant's identity.

## II. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional issues of effective assistance of counsel and prosecutorial misconduct in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4. We disagree with defendant's additional claims.

## A. EFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that defense counsel was ineffective because he was not given sufficient preparation time and was therefore unprepared for trial. Because defendant did not raise an ineffective assistance of counsel claim in the trial court, our review of this issue is limited to mistakes apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013) (citation omitted). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id.* "A defendant must meet a heavy burden to overcome the presumption that counsel employed effective trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

"A defendant is entitled to have his counsel prepare, investigate, and present all substantial defenses." *People v Kelly*, 186 Mich App 524, 526; 465 NW2d 569 (1990). When claiming ineffective assistance due to defense counsel's unpreparedness, a defendant must show prejudice resulting from the lack of preparation. *People v Caballero*, 184 Mich App 636, 640, 642; 459 NW2d 80 (1990). The record does not support defendant's assertion that defense counsel was unprepared to try the case. First, defendant has not provided any citation to the record supporting his claim that defense counsel either expressed or demonstrated that he was unprepared for trial or needed more time. To the contrary, defense counsel's questions, remarks, and arguments throughout trial demonstrate that he was familiar with the case and had prepared for trial. Indeed, this was defendant's second jury trial and defense counsel represented defendant at his first trial, at which a jury acquitted defendant of the armed robbery and felony-murder charges. This fact further demonstrates counsel's familiarity with the case. Although defendant argues that defense counsel failed to "investigate and prepare for testimony from the police evidence technician concerning the gunshot powder residue test," no gunpowder residue testimony was presented at defendant's trial. Counsel cannot be deemed ineffective for failing to adequately prepare to address a matter that was not presented at trial. Defendant has not

otherwise demonstrated that he was prejudiced by counsel's alleged unpreparedness in that regard. *Caballero*, 184 Mich App at 642.

Defendant also argues that defense counsel was ineffective for failing to prepare for the testimony of a proposed witness, Shinika Taylor. Taylor, who was listed on the prosecution's witness list, was not called to testify. Defendant claims that Taylor would have testified that he was not the shooter. Again, however, defendant has not demonstrated how he was prejudiced by counsel's alleged unpreparedness to question this witness when the witness was never called at trial. *Caballero*, 184 Mich App at 642. To the extent that defendant is arguing that defense counsel should have called Taylor as a defense witness, decisions regarding whether to call witnesses are presumed to be matters of trial strategy, *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999), and the failure to call a witness can constitute ineffective assistance only where it deprives the defendant of a substantial defense. *Payne*, 285 Mich App at 190. Although defendant asserts that Taylor would have testified that he was not the shooter, he has not provided a witness affidavit, or identified any other evidence of record establishing that Taylor actually would have provided favorable testimony. Absent such a showing, defendant has not established that he was prejudiced by defense counsel's failure to call the proposed witness at trial. Defendant has not overcome the strong presumption that defense counsel provided constitutionally effective assistance.

## B.  PROSECUTORIAL MISCONDUCT

Defendant also argues that the prosecution violated *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963), by withholding the exculpatory results from a gunpowder residue test. Because defendant did not raise a *Brady* violation in the trial court, this claim is unpreserved and our review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 752-753, 763-764; 597 NW2d 130 (1999).

A criminal defendant has a due process right of access to certain information possessed by the prosecution if that evidence might lead a jury to entertain a reasonable doubt about a defendant's guilt. *People v Lester*, 232 Mich App 262, 278-279; 591 NW2d 267 (1998), overruled in part on other grounds in *People v Chenault*, 495 Mich 142; 845 NW2d 731 (2014), citing *Brady*. To establish a *Brady* violation, a defendant must prove: (1) that the state possessed evidence favorable to the defendant; (2) that the prosecution suppressed the favorable evidence; and (3) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different. *Chenault*, 495 Mich at 150.

Defendant has not established that the prosecutor committed a *Brady* violation. Defendant's argument is supported only by his own unsubstantiated statement that, after his arrest, he was tested for gunpowder residue and heard a police evidence technician state that no residue was found. To the extent defendant relies on this alleged statement, he cannot establish that this evidence was suppressed because he admits having heard the statement. Defendant has not offered any proof that any other evidence of a gunshot residue test or any test results actually exist, let alone that the prosecution concealed the information. No gunpowder residue testimony was presented at defendant's trial. Therefore, defendant's claim based on a *Brady* violation necessarily fails.

III. SENTENCE

Defendant argues that he is entitled to resentencing because the trial court "was mistaken" about the correct guidelines range and erroneously believed that the guidelines range was 315 to 787 months, when it was actually 270 to 675 months after the court made corrections to the scoring of the guidelines variables. This claim of sentencing error has been waived. However, we conclude that counsel's performance was ineffective in this regard. Consequently, we conclude that defendant is entitled to resentencing.

"[A] party cannot request a certain action of the trial court and then argue on appeal that the action was error." *People v McCray*, 210 Mich App 9, 14; 533 NW2d 359 (1995). At sentencing, defense counsel expressly represented that even after the court's adjustments to the scoring of certain offense variables, the guidelines range would still be 315 to 787 months. Trial counsel's waiver would ordinarily extinguish any error. *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000). However, we agree with defendant that his corrected guidelines range was actually 270 to 675 months. Given the circumstances, we find trial counsel's performance to have been ineffective in this regard. Stipulating to the wrong guidelines range was objectively unreasonable and obviously affected the outcome of the proceedings. See *Nix*, 301 Mich App at 207. Under the circumstances, we find defendant entitled to relief irrespective of his counsel's waiver. Therefore, we find defendant entitled to a remand for resentencing. However, on remand, defendant shall have the opportunity to avoid resentencing by promptly notifying the trial court if he does not seek resentencing. *People v Lockridge*, 498 Mich 358, 398; 870 NW2d 502 (2015).

We remand for resentencing, unless defendant notifies the court that he does not wish resentencing, and in all other respects we affirm.

/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly
/s/ Amy Ronayne Krause