# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
March 23, 2017

v

No. 330071
Arenac Circuit Court
LC No. 15-003908-FC

WALTER FRANK STEENBERGH,

        Defendant-Appellant.

Before: M. J. KELLY, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Defendant, Walter Frank Steenbergh, was convicted by a jury of four counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a), and two counts of second-degree criminal sexual conduct, MCL 750.520c(1)(a), and was sentenced to concurrent prison terms of 25 to 40 years for the CSC I convictions and 10 to 15 years for the CSC II convictions. He appeals as of right his October 21, 2015 judgment of sentence. We affirm.

Defendant sexually assaulted the victim, his niece, multiple times between the ages of seven and eleven years old. While admonishing the victim and her cousin to quiet down in bed, defendant would pull the victim to the other end of the bed and "touch in between [her] legs and on [her] breasts" with "his hand or tongue." The victim explained that defendant had "licked" "inside" of her "private" on more than one occasion. The victim's cousin denied ever witnessing defendant sexually assault the victim, and defendant denied the allegations. As indicated above, however, the jury convicted defendant of multiple counts of CSC I and CSC II. This appeal followed.

On appeal, defendant first argues that trial counsel's performance constituted ineffective assistance when he failed to retain an expert witness to testify, or at least advise counsel, regarding forensic interviewing, the reliability of memory, and the suggestibility of children. We disagree.

A criminal defendant has the constitutional right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20; *People v Meissner*, 294 Mich App 438, 459; 812 NW2d 37 (2011). Because defendant did not properly preserve this issue for appellate review, our review is limited to the existing record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

-1-

"To prove that defense counsel was not effective, the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *Heft*, 299 Mich App at 80-81. "The defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different." *Id*. at 81. A defendant may establish the requisite prejudice "even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *People v Trakhtenberg*, 493 Mich 38, 56; 826 NW2d 136 (2012) (internal quotation marks and citation omitted).

With regard to what witnesses to call at trial, it is generally "presumed to be a matter of trial strategy, and an appellate court does not substitute its judgment for that of counsel in matters of trial strategy." *People v Seals*, 285 Mich App 1, 21; 776 NW2d 314 (2009). Nonetheless, the failure to call a witness constitutes ineffective assistance of counsel if it deprives a defendant of a substantial defense. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Kelly*, 186 Mich App 524, 526; 465 NW2d 569 (1990).

In this case, defendant admittedly did not satisfy the requirement that he offer proof that the retention of the expert would have proved favorable at trial. *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003). Thus, he has failed to establish the factual predicate for his claim, and no further review is required, and no further analysis is required. *Id*. Indeed, to grant any relief would require that we assume that he could have retained an expert that would have proved favorable to this case, and we are not willing to make this wholly unsupported assumption on our own. In short, had defendant offered *any* factual support for his appellate claim, our analysis could have been different, but he did not.

Nevertheless, we would also note that his argument on appeal is meritless. In order to obtain relief, defendant is required to demonstrate that a substantial defense was lost. *Ackerman*, 257 Mich App at 455. On appeal, he likens the facts of this case to those in *People v Ackley*, 497 Mich 381; 870 NW2d 858 (2015), but his reliance in that regard is misplaced. Most importantly, the expert testimony in *Ackley* "was the cornerstone of the prosecution's case." *Id*. at 384. Here, however, the expert testimony at issue was not the cornerstone of the prosecution's case; rather, the victim's own testimony was the cornerstone of its case, and the expert, a nurse examiner, did not offer any opinion testimony regarding memory or suggestibility, i.e., the areas that defendant claims counter-expertise was needed for. Further, it cannot be overlooked that *Ackley* involved a scenario where the prosecution offered the testimony of *five* experts; here, the prosecution offered the testimony of one. Therefore, *Ackley* is not controlling.

Finally, any error in this regard was not outcome determinative. This case did not present a so-called battle of the experts. Rather, it presented a credibility dispute. The prosecution presented the victim's testimony regarding defendant's sexual assaults, and trial counsel for defendant attempted to impeach that testimony through cross-examination of the victim, examination of other witnesses, and argument. He pointed to various inconsistencies between her testimony and her statement to the nurse examiner, highlighted the lack of physical evidence to support the victim's allegations against defendant, and pointed to other evidence that contradicted the prosecution's theory. Despite these efforts, the jury clearly credited the victim's

testimony. Without any indication as to how any expert may have assisted defendant, we simply cannot agree that the failure to retain one was outcome determinative.

Defendant also argues on appeal that the trial court erroneously admitted hearsay testimony and that trial counsel's performance constituted ineffective assistance when he failed to object to this testimony. We disagree.

Because this issue was not preserved for appellate review, our review is for plain error affecting his substantial rights. *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). "To avoid forfeiture under the plain error rule, three requirements must be met: (1) error must have occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Hearsay is defined as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). Hearsay evidence is inadmissible unless it falls within an exception established by the rules of evidence. MRE 802. Excepted from the hearsay rule are "[s]tatements made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment." MRE 803(4). "[F]urther supporting rationale for MRE 803(4) is the existence of (1) the self-interested motivation to speak the truth to treating physicians in order to receive proper medical care, and (2) the reasonable necessity of the statement to the diagnosis and treatment of the patient." *People v Meeboer (After Remand)*, 439 Mich 310, 322; 484 NW2d 621 (1992).

In this case, defendant takes issue with the admissibility of the nurse examiner's testimony. Specifically, defendant challenges the nurse examiner's testimony about statements made by the victim during her medical examination:

> When I asked about the licking, kissing, or sucking, she said that he would lick her privates. I asked about digital penetration. I didn't use the words digital, I used did he use his finger? Did he put his finger inside of you? And she said kind of . . . in the inside. Then I asked about his penis, and she said he tried to put his penis in my butt before. I asked about him putting his mouth on her or putting her mouth on his genitals, and she said that he would try to stick it, meaning his penis, in her mouth and that he would lick her privates[.]

Defendant claims that MRE 803(4) is inapplicable to these statements because the victim had no pressing need for treatment based on the fact that the medical examination took place months after the last reported sexual assault. Similarly, he also claims that the victim's account was not reasonably necessary to her treatment because this information was unnecessary to determine whether the victim had contracted a sexually transmitted disease.

This Court has held that in cases of sexual assault, MRE 803(4) can apply "irrespective of whether the declarant sustained any immediately apparent physical injury." *People v Mahone*, 294 Mich App 208, 215; 816 NW2d 436 (2011). This Court has clearly explained that, in cases

-3-

involving allegations of sexual assault where a victim's injuries might be psychological or latent, "a victim's complete history and a recitation of the totality of the circumstances of the assault are properly considered to be statements made for medical treatment." *Id*. The victim's description of the assaults in this case provided the nurse examiner with information about "the inception or general character of the cause or external source" of any physical injuries uncovered during the examination, overt or latent, and any suspected psychological injury that could require follow-up, either privately or through community service referrals. MRE 803(4). Further, the nature of the assault is needed in order to focus the scope of the medical examination, both as to what to look for and what not to look for (the latter being necessary to not expose the child victim to any more intrusive physical examination than needed).

Defendant claims on appeal that the nurse examiner admitted that none of this information was necessary to her examination, but the record reflects otherwise. The nurse examiner made it clear that it was unimportant whether *a different person* previously assaulted the victim because she was providing care in connection with the instant alleged assault. In any event, it is clear that in cases of sexual assault, "a victim's complete history and a recitation of the totality of the circumstances of the assault are properly considered to be statements made for medical treatment." *Mahone*, 294 Mich App at 215. Therefore, defendant has failed to demonstrate plain error affecting his substantial rights.

Relatedly, defendant's claim that trial counsel's performance constituted ineffective assistance when he failed to object to this testimony must fail for the same reason. Counsel cannot be deemed ineffective for failing to make a futile objection. *People v Goodin*, 257 Mich App 425, 433; 668 NW2d 392 (2003).

Affirmed.

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly

-4-