# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SEBASTIAN THEOPHILUS WILSON,

Defendant-Appellant.

UNPUBLISHED
April 20, 2017

No. 330883
Branch Circuit Court
LC No. 15-021438-FH

Before: BECKERING, P.J., and MARKEY and SHAPIRO, JJ.

PER CURIAM.

Defendant was convicted of eight counts of felony health care fraud, MCL 752.1003(1), and sentenced to serve eight concurrent terms of nine months in jail, with the jail term suspended after 30 days, one and one-half years of probation, and ordered to pay $8,777.73 in restitution. Defendant appeals by right, and we affirm.

## I. FACTUAL BACKGROUND

Defendant is a chiropractor. He has four children, and they have health insurance through a policy with Blue Cross Blue Shield (BCBS). Defendant's ex-wife testified that BCBS statements sent to her showed that defendant billed BCBS for chiropractic services he allegedly rendered to the children on June 2 and 9, 2014. She testified that the children were not in his custody at that time. She explained the children were in school or in the care of a babysitter on June 2, 2014, and were staying with their maternal grandmother in Indiana on June 9, 2014. The babysitter and grandmother confirmed these assertions. A BCBS fraud investigator testified that the records defendant provided did not indicate that he provided services to his children on the dates in question.

After his conviction, defendant moved for a new trial or *Ginther*[1] hearing, asserting that defense counsel was ineffective for failing to obtain certain phone records and for failing to secure witnesses favorable to his defense. The court denied the motion, explaining that defendant could have produced his own phone records, and in any event his claim to have called

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

his children on the days in question was not a substantial defense and would not have affected the outcome of the case.

On appeal, defendant moved to remand for a new trial or *Ginther* hearing for the same reasons articulated in his motion below. The motion was denied. *People v Wilson*, unpublished order of the Court of Appeals, entered July 21, 2016 (Docket No. 330883).

## II. ANALYSIS

### A. STANDARDS OF REVIEW

Defendant contends that his trial counsel rendered ineffective assistance, and that the trial court abused its discretion by denying his motion for new trial predicated on this claim. "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "This Court reviews a trial court's factual findings for clear error and reviews de novo questions of constitutional law." *People v Dendel*, 481 Mich 114, 124; 748 NW2d 859, amended on other grounds 481 Mich 1201 (2008). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made." *Id*. at 130.

"We review for an abuse of discretion a trial court's decision to grant or deny a new trial. An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes." *People v Terrell*, 289 Mich App 553, 558-559; 797 NW2d 684 (2010) (citation omitted).

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

"To prove that defense counsel was not effective, the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012). "The defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different." *Id*. at 81. "The defendant must overcome a strong presumption that counsel's assistance constituted sound trial strategy." *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994). Further, counsel's decisions regarding what evidence to present and whether to present witnesses are presumed to be matters of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). An appellate court will neither second-guess, nor assess counsel's trial strategy with the benefit of hindsight. *Id.*

Defendant first contends that counsel was ineffective for failing to subpoena and present twelve defense witnesses, including his four children. The failure to call witnesses constitutes ineffective assistance of counsel if it deprives a defendant of a substantial defense. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Kelly*, 186 Mich App 524, 526; 465 NW2d 569 (1990). As defendant's argument on appeal only focuses on his children, he

-2-

has abandoned any assertion of error with respect to any other potential witnesses. See *People v Lopez*, 305 Mich App 686, 694; 854 NW2d 205 (2014) (holding that the defendant abandoned an issue for failure to argue its merits).

As for the children, defendant averred that he "sought the attendance" of his four children, "who were provided the adjustment services." Defendant did not explain in his affidavit filed below as to what any of his children would have testified. He did assert that one of the two older children, who "would have been 7 and 8 years old . . . *could have* remembered at least one treatment." (Emphasis added.) Thus, defendant merely speculated that only one of the children might offer testimony favorable to him. This mere speculation is insufficient to "overcome a strong presumption that counsel's assistance constituted sound trial strategy." *Stanaway*, 446 Mich at 687.[2]

Next, defendant contends that counsel was ineffective for failing to obtain and present phone records showing that he called one of his children on one of the days in question.[3] Defendant contends that the phone records could have impeached the children's grandmother, who testified that the children did not have any contact with defendant while under her care from in Indiana from the night of June 8, 2014 to the night of June 10, 2014.

We agree with the trial court that the failure to present the alleged phone records would not deprive defendant of a substantial defense. Showing that he had phone contact with one of his children would not establish that he had the opportunity to provide chiropractic care to the children. The court reasonably concluded that, in context, the "contact" meant actual physical contact, as the chiropractic treatment could not be performed if the children were not physically present.

And in addition to the testimony of defendant's ex-wife, the children's babysitter during the relevant timeframe also testified that defendant did not have contact with the children on June 2, 2014. She was unwavering in her testimony that defendant would not be at the house when she was watching the children.

Thus, because defendant has failed to show that his phone records for the relevant period would have provided him a substantial defense, he has not shown that trial counsel's performance was unreasonable with respect to them.

---

[2] Further, it is possible that counsel strategically opted not to call any of the children as witnesses because of their youth or because they might have provided testimony favorable to the prosecution. Counsel may have concluded either that the children would be found not competent to testify, MRE 601, or perhaps that even if competent, a likelihood existed that they might not testify truthfully or consistently, thus undermining their credibility. See *People v Watson*, 245 Mich App 572, 583; 629 NW2d 411 (2001).

[3] Defendant did not produce the phone records with his motion for a new trial, nor has he provided them on appeal.

And as the predicate for his claim of error with respect to the denial of his new trial motion is invalid, his assertion that the denial evidences an abuse of discretion is without merit. Denying a motion based on an invalid premise falls squarely within the range of principled outcomes. *Terrell*, 289 Mich App at 559.

We affirm.

/s/ Jane M. Beckering
/s/ Jane E. Markey
/s/ Douglas B. Shapiro