# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEMETRIUS TROY BRADLEY,

Defendant-Appellant.

UNPUBLISHED
August 15, 2017

No. 331146
Wayne Circuit Court
LC No. 15-000373-01-FC

Before: SHAPIRO, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

Defendant was charged with first degree premeditated murder, MCL 750.316, assault with intent to commit murder, MCL 750.83, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. His first trial ended in a mistrial because the jury was unable to reach a verdict. At retrial, defendant was acquitted of murder but convicted of assault with intent to murder and the firearm charges. The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to concurrent prison terms of 35 to 55 years for the assault conviction and one to five years for the felon-in-possession conviction, to be served consecutively to a two-year term of imprisonment for the felony-firearm conviction. We affirm.

## I. BACKGROUND FACTS

On December 18, 2014, Larnell Fleming and his friend, John Petty, were driving to a nightclub in Fleming's van when another vehicle began following them. The front seat passenger in the other vehicle leaned out the window and began firing a gun at the van. Fleming sped away with the other vehicle in pursuit. Fleming lost control of his van and crashed into another car. Fleming survived, but Petty was ejected from the van and died from internal injuries. Fleming identified defendant as the shooter, and at the time of defendant's arrest, an explosives-detection dog alerted on the coat that he had been wearing, indicating the presence of "some sort of explosive residue" on the coat. In a recorded police interview, defendant initially denied having been in the car. Later in the interview, defendant admitted that he was in the car but asserted that he was in the back seat and did not fire any shots.

## II. ADMISSION OF EVIDENCE

Defendant first argues that the trial court erred in admitting his video-recorded interview at trial because he alleges it contained numerous statements regarding prior bad acts and because it included statements by the police asserting the existence of evidence that actually did not exist. We have reviewed the video, and defendant's claim as to its contents appears accurate in most respects.[1]

It appears that at defendant's first trial, the entire video was played except for a portion relating to a polygraph exam. At the second trial, however, his new counsel advised the court that there were many other infirmities in the interview. The court directed the attorneys to view the entire video together, to agree upon redactions where possible, and to bring the rest to her attention after the lunch adjournment. After the adjournment, the two attorneys reported to the trial court that they had done so and had agreed to mute extensive portions of the audio track so that the jury would not hear those statements that they agreed should be excluded. The judge inquired whether there were any outstanding disputes as to what would be played, and both attorneys indicated that there were none.[2] Given that the matter was resolved by stipulation on the record, there was no basis for the trial court, with or without objection, to have ruled, and so no error can be found. *People v. Eisen*, 296 Mich. App. 326, 328–29; 820 N.W.2d 229 (2012) ("A stipulation constitutes a waiver of any alleged error, so there is no error for us to review.")

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that he is entitled to a new trial due to ineffective assistance of counsel.[3] The general rule is that effective assistance of counsel is presumed and the defendant bears a heavy burden of proving otherwise. *People v Eloby (After Remand)*, 215 Mich App 472, 476; 547 NW2d 48 (1996). To establish a claim of ineffective assistance of counsel, defendant must "show both that counsel's performance fell below objective standards of reasonableness, and that it is reasonably probable that the results of the proceeding would have been different had it not been for counsel's error." *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007) citing *Strickland v Washington*, 466 US 668, 687, 690, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

---

[1] A few of the referenced passages do not appear to have been played for the jury.

[2] There is no merit to defendant's argument that the entire interview was not admissible. In it, defendant admitted to being in the Jeep that was chasing Fleming's van. Such evidence was highly probative of defendant's identity as the person shooting at the van. Although it was an out-of-court statement offered for the truth of the matter asserted, it was defendant's own statement and was offered by the prosecutor against him. Consequently, it was not hearsay, MRE 801(d)(2)(A), and was admissible as substantive evidence against him. *People v Lundy*, 467 Mich 254, 257; 650 NW2d 332 (2002).

[3] Because defendant did not raise this issue in a motion for a new trial or request for an evidentiary hearing in the trial court, our review is limited to mistakes apparent from the record. *People v Lane*, 308 Mich App 38, 68; 862 NW2d 446 (2014) (footnote omitted).

Defendant contends that trial counsel was ineffective for two reasons. First, because he did not move to exclude the entirety or additional portions of defendant's recorded interview. There was no basis to exclude the entire interview, and such an objection would have been futile. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

As to the particular portions of the interview to which defendant refers us, we agree that some could have been challenged such as the officers' reference to defendant having previously been shot by an officer, the officer's statement that defendant's girlfriend had asserted that he had beaten her, and non-specific allegations that defendant may have been involved in prior homicides. However, this does not lead us to the conclusion that defendant received ineffective assistance of counsel as we cannot consider these items in isolation. Defense counsel succeeded in obtaining the prosecution's stipulation to deletion of significant portions of the interview. It is not surprising that in the give and take necessary to have obtained such a stipulation, defense counsel would have waived objections to some statements. And we will not fault counsel for electing to obtain favorable resolution of many of his objections in return for dropping a few of his other objections. The alternative of putting all the objections before the court could readily have resulted in a far less favorable result. "We give defense counsel wide discretion in matters of trial strategy because counsel may be required to take calculated risks to win a case." *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). Moreover, defense counsel skillfully used the unproven allegations and false statements made by the police in the interview to undermine the credibility of the entire police investigation. Finally, we note that defendant was acquitted of murder, and a review of the trial record does not support the conclusion that had trial counsel raised and prevailed on all his objections defendant would had a reasonable probability of being acquitted on the other charges.

Second, defendant argues that counsel's representation was inadequate because counsel failed to request the "mere presence" instruction, M Crim JI 8.5, and points out that the failure to request a particular jury instruction can constitute ineffective assistance of counsel if the instruction pertains to a basic and controlling issue in the case. *People v Ortiz*, 249 Mich App 297, 311-312; 642 NW2d 417 (2002).

The subject instruction, however, did not pertain to a basic and controlling issue. This instruction is appropriate where a defendant is charged under an aiding and abetting theory. See e.g. *People v Norris*, 236 Mich App 411, 419-420; 600 NW2d 658 (1999) (reciting language substantially similar to the "mere presence" instruction in M Crim JI 8.5 and stating that such "mere presence" is not sufficient to convict a defendant of aiding and abetting). In this case, counsel, quite effectively, obtained a ruling from the court that the jury would be instructed only on the theory that defendant was the shooter. Thus, rather than limiting the application of an aiding and abetting charge by requesting the mere presence instruction, defense counsel was able, over the prosecution's objection, to prevent the jury from any consideration whether defendant, even if not the shooter, should be convicted as an abettor. Counsel's strategy was anything but ineffective.

In a supplemental pro se brief, filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, defendant additionally argues that trial counsel was ineffective for failing to have his coat tested for gunpowder because he told his attorney that the substance on the coat

was actually ether from cooking heroin. Defendant also contends that counsel was ineffective for failing to introduce either a lab report or expert testimony to show that the substance that caused the dog to alert was not gunpowder.

"Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy." *Rockey,* 237 Mich App 74, 76; 601 NW2d 887 (1999). Whether to present expert testimony is also a matter of trial strategy. *People v Cooper,* 236 Mich App 643, 658; 601 NW2d 409 (1999). "Defense counsel's failure to present certain evidence will only constitute ineffective assistance of counsel if it deprived defendant of a substantial defense." *Dunigan,* 299 Mich App 579, 589; 831 NW2d 243 (2013). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Kelly,* 186 Mich App 524, 526; 465 NW2d 569 (1990).

The record does not support a finding that counsel was ineffective in this regard. First, defendant has failed to prove the factual predicate of his claim. He has cited no record evidence that he ever told his trial counsel that the residue on his coat was from cooking heroin. See *People v Bass,* 317 Mich App 241, 276; 893 NW2d 140 (2016) (rejecting an ineffective assistance of counsel claim where the defendant never told his counsel of alleged "false statements" in his arrest warrant but claimed his counsel was ineffective for failing to investigate those statements). Further, the record does not reflect what steps, if any, trial counsel may have taken to investigate this matter. See *Cooper,* 236 Mich App at 658 (rejecting an ineffective assistance of counsel claim where there was no record of what steps if any the trial counsel took to investigate the matter). And while defendant argues that testing may have shown that the residue on his coat was not from an explosive such as gunpowder, there is nothing in the record to indicate whether the test results would have been exculpatory as opposed to inculpatory or inconclusive. Given that gunpowder is an explosive and the evidence that a trained explosives-detection dog reacted to defendant's coat, defense counsel may have reasonably concluded that additional testing would have been imprudent. That is, counsel might have reasonably feared that additional testing would have revealed inculpatory evidence, confirming that the substance detected was gunpowder. See *Bass,* 317 Mich App at 278 (rejecting a defendant's ineffective assistance of counsel claim where the defendant alleged that his counsel should have requested additional DNA testing but offered no evidence as to what that testing would have shown). Therefore, defendant has failed to overcome the strong presumption that any decision by trial counsel in this regard was both strategic and effective.

## IV. PROSECUTORIAL MISCONDUCT

Defendant also argues in his Standard 4 brief that the prosecutor engaged in "blatant misconduct" that "intentionally" confused and misled the jury because he stated during closing argument, and again in rebuttal, that defendant's coat was tested and the results were positive for gunpowder residue.[4] "The test of prosecutorial misconduct is whether the defendant was denied

---

[4] Because defendant did not object to the prosecutor's conduct at trial, this issue is unpreserved, and our review is limited to plain error affecting defendant's substantial rights. *People v*

a fair and impartial trial (i.e., whether prejudice resulted)." *People v Abraham*, 256 Mich App 265, 272; 662 NW2d 836 (2003). A prosecutor's comments are evaluated in light of defendant's argument and the relationship they bear to the evidence. *People v Brown*, 267 Mich App 141, 152; 703 NW2d 230 (2005). The propriety of a prosecutor's remarks depends on all the facts of the case. *Rodriguez*, 251 Mich App 10, 30; 650 NW2d 96 (2002). During closing argument, the prosecutor may argue the evidence and all reasonable inferences drawn therefrom as it relates to his theory of the case. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). However, he may not "argue facts not in evidence or mischaracterize the evidence presented[.]" *People v Watson*, 245 Mich App 572, 588; 629 NW2d 411 (2001).

The prosecutor's assertion that defendant's coat was tested and was found to have gunpowder residue was based on the evidence and reasonable inferences drawn therefrom. Fleming testified that defendant was shooting at him from the Jeep, and bullet holes were found in Fleming's van. Defendant admitted in his statement that the black coat he was wearing was the same one he wore on the night of the offense. The coat was exposed to an explosives-detection dog, who alerted on the coat, indicating that there was "some sort of explosive residue" on it. Exposing an item to a dog trained to detect a particular substance or substances is a form of testing. Gunpowder is, by definition, an explosive, and gunfire was the only type of explosive event known to have occurred during the offense. Thus, it was reasonable to infer that the explosive residue on the coat was gunpowder. Therefore, defendant has not shown that the prosecutor's argument was improper. Consequently, his alternative claim that defense counsel was ineffective for failing to object to the prosecutor's argument necessarily fails because "trial counsel cannot be faulted for failing to raise an objection . . . that would have been futile." *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998).

## V. SENTENCING

The trial court imposed a minimum sentence within the legislative sentencing guidelines range. Defendant argues that he is entitled to resentencing because the trial court relied on judicial fact-finding to score certain offense variables, contrary to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).[5] In *Lockridge*, our Supreme Court held that Michigan's sentencing guidelines are unconstitutional to the extent that they "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score the offense variables . . . that *mandatorily* increase the floor of the guidelines minimum sentence range[.]" *Id.* at 364. Although the guidelines are no longer mandatory, "they remain a highly relevant consideration in a trial court's exercise of sentencing discretion" and thus the trial court must still score the guidelines, "whether using judge-found facts or not," and "consult the applicable guidelines range and take it into account when imposing a sentence." *Id.* at 391-392, 392 n 28.

---

*Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999); *People v Goodin*, 257 Mich App 425, 431; 668 NW2d 392 (2003).

[5] Because defendant did not object on the basis of improper judicial fact-finding at sentencing, this issue has not been preserved. Therefore, we review it for plain error affecting defendant's substantial rights. *Lockridge*, 498 Mich at 392.

Defendant was sentenced more than four months after *Lockridge* was decided. The trial court is presumed to know the law unless the contrary is clearly shown, *People v Alexander*, 234 Mich App 665, 675; 599 NW2d 749 (1999), and defendant does not contend that the trial court did not understand that the guidelines were advisory only. Because *Lockridge* does not prohibit the use of judicially-found facts in scoring the guidelines, defendant has not shown plain error.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien