*103 Memorandum. In this case, we examine the double-jeopardy concerns[1] that are involved when a defendant who has committed a felony and a concurrent, single homicide is charged with and convicted of first-degree premeditated murder, first-degree felony-murder, and the felony underlying the felony-murder charge. Under the current case law, to avoid double-jeopardy implications, the defendant receives one conviction of first-degree murder, supported by two theories, and the conviction of the predicate felony underlying the felony murder is vacated. See People v Wilder, 411 Mich 328; 308 NW2d 112 (1981); People v Bigelow 229 Mich App 218; 581 NW2d 744 (1998). The defendant thus receives one conviction and one sentence for having committed one crime.
In this case, the trial court followed that procedure in part, and the Court of Appeals affirmed in part and vacated in part, but invited us to consider modifying Bigelow. 265 Mich App 68; 692 NW2d 722 (2005). We decline to do so, affirming the judgment of the Court of Appeals, and we provide a brief analysis of our reasoning.
The prosecutor in this case is concerned that if the judgment vacates defendant’s larceny conviction, in the unlikely situation that defendant’s conviction of murder is overturned for some reason unrelated to his conviction of larceny, defendant could “go free” even though there is no question that he was found guilty of larceny. Although such a situation is unprecedented in Michigan case law, we find reassurance in the federal law that these concerns are groundless. Although the United States Supreme Court has not considered this specific context, it came close in Rutledge v United States, 517 US 292; 116 S Ct 1241; 134 L Ed 2d 419 *104 (1996). We believe Rutledge presents the correct method of handling this case.
In Rutledge, the defendant was convicted of both conducting a continuing criminal enterprise (CCE) and conspiracy to distribute a controlled substance and was sentenced to two concurrent life sentences. The Court held that under the common-elements test of Blockburger v United States, 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), the conspiracy was a lesser included offense of CCE. The Court then found that the defendant could not receive two sentences and that the second conviction, even without a second sentence, was presumptively impermissible under Ball v United States, 470 US 856; 105 S Ct 1668; 84 L Ed 2d 740 (1985).[2]
Next, the Court addressed the government’s concern that without a “backup” conviction, the defendant might escape punishment altogether if he successfully challenged the CCE conviction in a manner that did not affect his conspiracy conviction. Rutledge at 305. The Court found “no reason why this pair of greater and lesser offenses should present any novel problem,” and noted that “federal appellate courts appear to have uniformly concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense.” Id. at 306. Justice Stevens continued, “This Court has noted the use of such a practice with approval.” Id.
Under this approach, if defendant’s murder conviction is reversed on grounds only affecting the murder *105 element, entry of a judgment of conviction of larceny may be directed by the appellate court. Such was the practice of this Court in, for example, People v Randolph, 466 Mich 532, 553; 648 NW2d 164 (2002), and People v Bearss, 463 Mich 623, 631; 625 NW2d 10 (2001). We continue to support this approach and thus affirm defendant’s conviction.[3]
Affirmed.
Taylor, C.J., and Cavanagh, Kelly, Young, and MARKMAN, JJ., concurred.

 Const 1963, art 1, § 15.

 The Court did not ultimately decide whether the second conviction was impermissible under Ball alone because the fact that each conviction carried its own $50 “special assessment” established a second punishment, even without a second prison term. Rutledge at 301.

 In all other respects, the application for leave to appeal in Docket No. 128533 is denied.