# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 2, 2008

135332

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

REGINALD DALE LIGHT,
       Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135332
COA: 270211
Oakland CC: 05-204084-FC

On order of the Court, the application for leave to appeal the August 28, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. However, we take this opportunity to emphasize that it is improper for a prosecutor to make a personal attack on defense counsel, suggesting to jurors in closing argument that counsel is intentionally trying to mislead them. Although such conduct may not require reversal in a given case, it is still improper and unbecoming of a representative of the state.

CORRIGAN, J., concurs and states as follows:

I concur with the order denying leave to appeal. I write separately because I disagree with the order's implication that the prosecutor engaged in misconduct during closing argument by suggesting that defense counsel was intentionally trying to mislead the jury. The Court of Appeals considered and properly rejected defendant's argument that the prosecutor's remarks were improper:

> Defendant claims that the prosecutor made several improper remarks during the rebuttal argument. First, defendant takes issue with the prosecutor's comment that defense counsel clouded up the facts and muddied the waters, and the prosecutor was going to cleanse the water for the jury. The next comment at issue is the prosecutor's reference to the defense as a cockroach defense. Viewing these remarks in context, the prosecutor was fairly responding to defense counsel's closing argument. Defense counsel spent considerable time talking about the collection of the evidence at the scene as a "shoddy investigation," especially because the evidence technicians did not collect any of the blood around the body, just assuming that the blood was all Healey's, therefore losing any evidence of

the killer. In addition, because there was no finding of defendant's blood near the body, the testimony was consistent with defendant's story.

> In response, the prosecutor complimented defense counsel's argument and made the comment about cleansing the water to the jury to indicate that he planned to respond to the argument with a clear summary of the evidence that was presented to support the prosecution's case. During the prosecution's explanation of the evidence, he [the prosecutor] used an analogy of the defense mechanisms different animals in the animal kingdom use to survive and compared the defense argument to the way an octopus squirts a big cloud of dark ink to make it difficult to see. Then, the prosecutor continued that a variation would be the cockroach defense, where the facts can be contaminated by crawling around all over them until there's reasonable doubt. [*People v Light*, unpublished opinion per curiam of the Court of Appeals, issued August 28, 2007 (Docket No. 270211), slip op at 5.]

I agree with the Court of Appeals analysis. Although a prosecutor generally may not suggest that defense counsel is intentionally attempting to mislead the jury, the prosecutor's comments must be considered in light of defense counsel's arguments. *People v Watson*, 245 Mich App 572, 592-593 (2001). A prosecutor may permissibly suggest that defense counsel was trying to distract the jury from the truth when the remarks are made in rebuttal to defense counsel's argument. *Id.* Specifically, such remarks are not improper when made in response to defense counsel's argument that the police conducted a sloppy investigation. *People v Kennebrew*, 220 Mich App 601, 608 (1996). Further, "[a] prosecutor need not limit her arguments to 'the blandest possible terms.'" *People v Williams*, 265 Mich App 68, 71 (2005), aff'd 475 Mich 101 (2006).

Here, to illustrate his point that defense counsel was attempting to "muddy[] the waters" in order to create a reasonable doubt, the prosecutor used an analogy of the defense mechanisms that animals use to survive. The prosecutor explained that an octopus squirts a cloud of ink to make it difficult to see what is behind the cloud. He then stated that a variation would be the "cockroach defense," where the facts can be contaminated by crawling all over them to create a reasonable doubt. Defense counsel did not object to the prosecutor's comments. Although the prosecutor's suggestion that defense counsel was attempting to "cloud up" or "contaminate" the facts would, by itself, be improper, it was not improper in the context of defense counsel's argument. As the Court of Appeals explained, the prosecutor's statements were made in direct response to defense counsel's closing argument, by which defense counsel tried to create a reasonable doubt by characterizing the collection of evidence at the scene as being the result of a "shoddy investigation." The prosecutor told the jury that he would "cleanse the water" for them and provide a clear summary of the evidence. The prosecutor's statements were reasonable, given that they were in response to defense counsel's closing argument attacking the competence of the investigation. *Kennebrew, supra* at 608.

YOUNG, J., would deny leave to appeal without the further statement found in the majority's order.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 2, 2008

_____
Clerk

d0429